STEWART, J.
Shane Michael Johnson (“Johnson”) appeals the trial court’s grant of the motion for summary judgment by the defendant, Ouachita Parish Sheriff Chuck Cook (“Sheriff Cook”). Finding no merit in the plaintiffs claims, we affirm.
FACTS
While he was incarcerated at Wade Correctional Center (“Wade”), Johnson filed suit against Sheriff Chuck Cook on January 29, 1998, alleging injuries as the result of a beating by other inmates while placed in the general population by Sheriff Cook. Johnson claims to have a mental disability, and that one of his doctors warned jail personnel that he would be in danger if housed in the general population.
Johnson was represented by counsel until June 1, 2001, when the trial judge signed an order allowing counsel to withdraw. While Johnson was unrepresented by counsel, Sheriff Cook filed a motion for summary judgment. The return of service for Sheriff Cook’s motion for summary judgment was served on Betty Hayes at Wade. The hearing on the motion for summary judgment was set for November 7, 2001, but no one appeared, and the court continued the matter without a date. On May 17, 2002, attorney Thomas K. Brocato (“Brocato”) enrolled as counsel for Johnson. On August 17, 2002, the trial judge reset Sheriff Cook’s motion for summary judgment for September 13, 2002, on motion by Brocato. Again, no one appeared at the scheduled hearing on the motion for summary judgment, but the judge granted the motion. No written or oral reasons are in the trial court’s record. No one submitted a formal judgment, and the | atrial judge prepared and signed a judgment on March 19, 2003. This appeal ensued.
DISCUSSION

Proper Service

The gist of the plaintiffs assignments of error is that neither Johnson nor *855 his former counsel was properly served. The defendant concedes that evidence of service did not initially fully comply with La. C.C.P. art. 1235.1 because it lacked an affidavit that the service of paper was thereafter made on Johnson himself. However, we find that the appellate record has been supplemented in a manner that moots that the plaintiffs assignments of error.
Specifically, the plaintiff contends that his new counsel was not separately served with the motion for summary judgment after he enrolled in the case. However, the record does reflect that Johnson was properly served with the motion while he was unrepresented by counsel on October 29, 2001. Moreover, the record has been supplemented with an affidavit of the defendant’s counsel in conformity with La. C.C.P. art. 1313(B) attesting that a copy of the motion and all of its supporting papers were forwarded to counsel for the plaintiff in January 2002 in response to his request, even before he had formally enrolled as Johnson’s counsel. Since no hearing had been set at that time, service by mail was entirely adequate.
Although Johnson complains of a lack of evidence of proper service of the motion and order which refixed the motion for summary judgment for hearing on September 13, 2002, the record has also been supplemented with a return on service already in the record of the district court which shows that on August 23, 2002, these documents were served on Brocato at his office in Alexandria. Any problem caused Johnson by the fact that his counsel was suspended from the practice of law at the time of service and the hearing is not a matter for the defendant, but rather Mr. Brocato’s malpractice insurer. Consequently, we find that any defect in the service has been cured by the supplementation to the record, and the judgment rendered is valid.
CONCLUSION
Based on the foregoing, we affirm the decision of the trial court granting the defendant’s motion for summary judgment.
AFFIRMED.